IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| CHERYL TILLEY, individually and as surviving spouse of LARRY TILLEY, | ) ) ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | Case No. CIV-07-1175-M |
| NATIONAL-STANDARD, L.L.C. and THE HEICO COMPANIES, L.L.C., | ) ) ) ) | |
| Defendants. | ) | |

**ORDER**

Before the Court is "Defendant National Standard, L.L.C.'s Motion to Dismiss and Brief in Support" [docket no. 7], filed January 10, 2008. On January 23, 2008, plaintiff filed her response, and on February 7, 2008, defendant National Standard, L.L.C. ("National-Standard") filed its reply. Based upon the parties' submissions, the Court makes its determination.

I.   Background

Plaintiff Cheryl Tilley filed this action individually and as the surviving spouse of Larry Tilley, her deceased husband. Mr. Tilley, an employee of defendant National-Standard at the time of his death, was killed while working at the Stillwater, Oklahoma manufacturing facility. Mr. Tilley was struck in the head by a flying piece of heavy chain known as a "come-a-long" and died as a result of his injuries. Plaintiff contends that her husband's death resulted from defendant National-Standard's acts of using antiquated, unsafe equipment despite its knowledge of the substantial dangers associated with such equipment and the lack of safety measures.

Defendant National-Standard has filed a motion to dismiss contending that plaintiff's claim against it is barred because she was previously awarded workers' compensation death benefits. Defendant National-Standard argues that plaintiff has not properly pled her claims concerning the

"intentional tort" exception to workers' compensation immunity. Therefore, defendant National-Standard asserts plaintiff cannot circumvent the exclusive remedy provision of the Workers Compensation Act.

II.     Standard of Review

"[A] complaint should not be dismissed for failure to state a claim unless it appears...plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Bell Atl. Corp. v. Twombly*, 127 S. Ct. 1955, 1968 (2007). The relevant inquiry is whether the complaint contains enough facts to state a claim to relief that is plausible on its face. *Ridge at Red Hawk, L.L.C. v. Schneider*, 493 F.3d 1174, 1177 (10th Cir. 2007). The issue in reviewing the sufficiency of plaintiff's complaint is not whether she will prevail, but whether she is entitled to offer evidence to support her claims. *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974). The Court must assume as true all well pleaded facts in plaintiff's complaint and view them in a light most favorable to plaintiff. *Zinermon v. Burch*, 494 U.S. 113, 118 (1990); *Sutton v. Utah State Sch. For the Deaf and Blind*, 173 F.3d 1226, 1236 (10th Cir. 1999). However, the Court need not accept as true plaintiff's conclusory allegations. *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).

III.    Discussion

Oklahoma courts have long recognized that in some cases "an employee who has been willfully injured by his employer may have a common law action for damages." *Parret v. UNICCO Serv. Co.*, 127 P.3d 572, 574 (Okla. 2005) (internal quotation omitted). Until recently, there was a question as to what was required under this exception - whether "deliberate specific intent" is required or "substantial certainty" that injury would occur is required. The Oklahoma Supreme Court addressed the issue and held that the "substantial certainty" standard was the appropriate

standard for workplace intentional tort claims. *Id*. at 578-79.

In this case, defendant National Standard asserts that plaintiff has not met the standard for pleading the "intentional tort" exception to workers compensation immunity. Defendant National Standard contends that "[m]erely alleging that an employer acted with intent to injure, or was substantially certain that injury would occur to the Plaintiff (or a decedent) is not enough without alleging specific facts in the Complaint to establish the intentional action or inaction of the Defendant." Motion to Dismiss at 5.

Having reviewed plaintiff's Complaint, the Court finds that plaintiff has not alleged sufficient facts which plausibly demonstrate that defendant National-Standard's conduct was intentional under the 'substantial certainty' standard. Specifically, the only Complaint allegation which addresses the issue is set forth as follows: "[t]hat Defendants National-Standard and HEICO knew or should have known that the condition that caused the death of Larry Tilley was substantially certain to occur". Complaint at 2. While the federal rules require very little in the way of specificity in pleading, this liberal pleading requirement does not relieve plaintiff's obligation to assert enough facts to state a claim to relief that is plausible on its face. The Court further finds that as requested, plaintiff shall be allowed to file an amended complaint.

IV.     Conclusion

For the reasons set forth in detail above, the Court hereby GRANTS defendant National-Standard's motion to dismiss the complaint, and DISMISSES plaintiff's Complaint. Plaintiff is given ten (10) days from the date of this Order to file an amended complaint.[1]

**IT IS SO ORDERED this 21st day of July, 2008.**

VICKI MILES-LaGRANGE
UNITED STATES DISTRICT JUDGE

---

[1] In light of the Court's ruling on the instant motion to dismiss, Defendant National-Standard's Opposed Emergency Motion to Stay Discovery Pending Resolution of Defendant's Motion to Dismiss and for Protective Order [docket no. 15] is now moot.